I didn't understand what was going on in this case. It looks like there's retained counsel and then an amicus. Retained counsel is really in the driver's seat here. And what's what's the deal? Five per side. Is that OK? Amicus all ten. That's OK. OK. May it please the Court. Good morning. My name is Melissa Jones and I'm at Amicus Counsel on behalf of Petitioners Jose Maldonado Sanchez and Marie de la Cruz Navarro, whom I will refer to as the Maldonados. I will be reserving three minutes of time for rebuttal. The Court should issue an order reversing the Board's denial of the motion to reopen and should reverse the Board's denial of the petition for cancellation of removal because, first, the Board abused its discretion in denying the motion to reopen by applying the wrong procedural standard and failing to consider new and material evidence submitted by the Maldonados. Second, the immigration judge's application of the exceptional and extremely unusual hardship standard violated the Maldonados' due process rights. And third, the immigration judge's factual findings on key issues on which his discretionary ruling was based lacked any evidentiary support. Counsel, do we have jurisdiction to consider this case? Yes, you do, Your Honor. Why doesn't Fernandez bar our consideration of this case? The Court has jurisdiction to review a number of issues. First, with respect to the motion to reopen, Fernandez clearly holds that the Court may review a denial of a motion to reopen when the denial is based on procedural grounds, and that was one of the basis for which the Board denied the Maldonados' motion to reopen. What's the procedural ground that you assert that would get around the jurisdictional bar? Yes, here, Your Honor, the Board found that the Maldonados failed to satisfy the procedural requirement of evidentiary – material and new evidence. The Board found that because the immigration judge previously considered, quote, the issues, they did not meet the evidentiary requirement. That was an error. I don't understand what you just said. Okay, let me rephrase that. Put it more concretely. What the Board did, Your Honor, with respect to the motion to reopen, it looked to the evidentiary requirement under the CFR, and it said that the – Could you talk concretely about this case? Let's see, is this the one with the girl who has the speech defect and the boy who is in the 40-something percentile in reading? Yes, absolutely, Your Honor. The Maldonados submitted new evidence with respect to their daughter's speech disability, and they submitted evidence that had not been previously available about their son's disability. He had not previously been diagnosed. But it went to the same underlying discretionary determination, which under our case law is nonrevealable. Your Honor, I respectfully disagree. Fernandez holds that certain issues are reviewable on a motion to reopen, and those issues are applicable here. When the Board applies the wrong evidentiary standard, as the Board did here – What was the wrong evidentiary standard applied? The Board found that they did not submit new and material evidence because the immigration judge had already considered, quote, the issues. What was the standard that was supposed to be applied? They were – the Board was supposed to look to the evidence and determine is the evidence new, is the evidence material. The Board never reviewed that evidence for that determination. Instead – It looks like you're cutting it kind of fine. I'm looking at the Board decision. They say you submitted evidence, or your side did, of the speech and learning problems. The IJ considered those issues. Then the Board acknowledges that the learning problem wasn't discussed in depth by the IJ. And then it goes on to say the hardship that may result doesn't rise to the level of extremely unusual, and why it doesn't. It looks like they just considered the new evidence and every bit of it and said still doesn't rise to the, what is it, exceptional and extremely unusual statutory standard. I don't see what they missed procedurally. What they missed procedurally is that he did not determine whether or not the evidence was new and material. He simply said because it relates to issues already considered by the immigration judge, it failed to satisfy the evidence required. I don't think you understood my question. You're talking about the first sentence of the second paragraph, and I'm talking about the remaining sentences of the second paragraph of the BIA decision. And I want you to talk about why the remaining sentences of the second paragraph of the BIA decision don't do exactly what you think they should have done. Your Honor, under Fernandez, the Court can review that for an abuse of discretion. And because the evidence submitted on Jose, Jr. had never been submitted to the immigration judge, it was a new issue. Fernandez expressly recognizes at page 601 of the decision where the relief sought is formally the same as was previously denied, but the evidence submitted with a motion to reopen is directed at a different basis for providing the same relief. The Court has jurisdiction. It's not cumulative. What was the different basis? Jose, Jr. There was no evidence submitted to the immigration judge with respect to Jose, Jr. And if you read the immigration judge's opinion, Jose, Jr. was not even considered and denied. It's not even close. I mean, the kid's in the 40-something percentile in reading. My gosh, half the children are below average, except in Lake Robagon. Well, he was not diagnosed with a disability, Your Honor, until after the merits hearing. And they submitted that evidence with respect to the motion to reopen. The Court erred because the immigration judge had never even considered Jose, Jr. Under Fernandez at 601, this Court clearly holds that you have discretion, jurisdiction, rather, to abuse jurisdiction to review this determination under an abuse of discretion standard. Well, it goes on to say this category covers cases in which the newly submitted evidence is not cumulative. That's correct, Your Honor. We argue that this is not cumulative. There was no evidence with respect to Jose, Jr.'s disability. It was the same basis for relief. Same basis. Exceptional and extremely unusual hardship to the children because of difficulty in school. That's exactly the same basis, different child, same basis. I disagree, Your Honor. It's different basis for the same relief. It's the same relief being sought, exceptional and extremely unusual hardship. Do you have another argument? Yes. Yes, Your Honor. We also argue that the Board's application of the exceptional and extremely unusual hardship in this case violated the Maldonado's due process rights. Let me back up a minute to your first argument. It seems to me that if we accept it, then Congress's attempt to rein us in on hardship by taking us out of the review business becomes a nullity. There's always something new. And I don't see how there can be anything to Congress's decision about circuit court jurisdiction if we go your way and say it's enough to be a constitutional violation. That's not the case. If we are going to do something that violates the Maldonado's due process rights, we have to tell Congress that's not the case. If we are going to do something that violates the Maldonado's due process rights, we have to tell Congress that that's not the case. Can you really say that they did something that they didn't start all over again and grant reconsideration on the evidence about an abuse of discretion standard, only the aspect of whether or not the court does not have jurisdiction to review the underlying discretionary determination? That's clear under this court's case law. I'm going to briefly respond and then reserve the rest of my time for rebuttal. But this court under Fernandez expressly recognized that there are issues that the court does have jurisdiction to review, and this case clearly falls into the exceptions recognized in Fernandez. I would like to reserve my remaining time for rebuttal. Thank you. Thank you, counsel. Good morning, Your Honors. May it please the Court. My name is Thankful Vanderstar. I represent the Attorney General in this matter. Your Honor, Petitioners ask the Court to review two decisions by the Board, and it is the government's position that the Court lacks jurisdiction to review both of those decisions, both the underlying merits decision and then the denial of the Maldonado's motion to reopen. Let me see if I understand your position. If I understand correctly, we have no jurisdiction over this discretionary view. The only way, because Congress told us we don't, the only way that we can get this is if there's been a constitutional violation. That's correct, Your Honor. And it's your position that your position is that it did not measure up to the due process violation. Is that right? That's correct, Your Honor. I'm having a great deal of difficulty drawing that line. We said in Martinez-Rosas that we won't let ordinarily issues be clothed in due process just to get around the jurisdictional element. Tell me what that line is. Why is it what they're asking for now is a violation of due process of law? Your Honor, that line is where a Petitioner contends that he or she did not get a full and fair hearing, did not have an opportunity to present evidence, to testify, did not have an opportunity to present their case to a fair and impartial adjudicator. If we have an allegation of immigration judge bias, for example, that might rise to a level of a constitutional violation. But we don't have that here, Your Honor. What we have is Petitioners quibbling with the immigration judge's interpretation of the evidence and the weighing of the evidence and the inferences that the immigration judge drew from that evidence, which simply does not rise to a due process violation. They say something new came along and it should be considered or there's a violation to due process. Judge Kleinfeld raised the question that I had in mind that there can always be something new. Lawyers are very creative. And I was one once myself. I understand that. But how do we draw the line when some new argument is being made that hasn't yet been processed by the system? As this Court stated in Fernandez, for example, if there were a hardship case and the issue were educational difficulties of the children, and then later on one of the children was diagnosed with a life-threatening illness and they moved to reopen based on that, that would be different enough, as opposed to cumulative and evidence that is a result of the passage of time, such that the court could look at that, at the board's determination in that situation. But we clearly don't have that here. The evidence that was submitted with the motion to reopen was cumulative. In fact, the Maldonados did submit evidence that Jose had learning problems initially. They chose not to pursue that. They said at one point early on in the hearing, we're just going to focus on Kira. Let's say hypothetically. I'm not talking about this case. I'm talking hypothetically. Let's suppose when they first made their application, they didn't know about Jose's poor school performance. Now they call it disability, I guess. And they didn't submit any evidence about it. It was only about the daughter's speech defects. And then after they lost, they went to the school, said, what do we do, what do we do? One of the teachers said, well, you know, Jose has a learning disability. You've got to ask again for Jose. So they filed a motion to reopen showing that Jose was in the 40th percentile in reading. They looked out the window and squirmed around instead of paying attention. Would we be obligated then to remand the case, to grant petition and remand the case on a denial of the motion to reopen, so that the board could perform its discretionary duty again on the evidence including Jose? I guess I want to clarify the hypothetical. In that case, would the board have said, we don't consider this new? The board never knew anything about Jose. As far as they know, there's a daughter with a speech defect and a son. They don't know anything about. That was my hypo. And then when they come along with their motion to reopen, the board says, we don't think this is new. So we're going to deny your motion to reopen? Gee, I don't know what the board says. If you want to go further with the hypo. I mean, I would imagine the board says, petition reopened denied. Without, if the board said that. They say this wouldn't change anything. I think that that scenario does get closer to the situation contemplated in Fernandez of here's something brand new. Let's say they just wrote a two-liner, denied, Jose's learning disability doesn't change anything. Would we then have to grant petition and remand? I think under that situation, the board wouldn't have given enough analysis, wouldn't have given enough reasons for denying the motion. If we do that, if we say the board hasn't given enough analysis, there must be some principle that says when it's enough and when it isn't. And that principle has to make sure to carve out their discretionary area where we have no jurisdiction to review them. What could you articulate the principle? When someone files a motion to reopen, first of all, their evidence must be new, previously undiscoverable. You couldn't present it to the IJ because it didn't exist. In a situation where someone is diagnosed with something after the case has already happened before the IJ and the board, then that would be new and previously undiscoverable. Then, however, the petitioner needs to demonstrate prima facie eligibility for the relief. If we were to reopen and have an immigration judge look at all of this evidence and take further testimony, does it look likely that the case would turn out differently, that these petitioners would qualify for cancellation of removal, would meet the exceptional and extremely unusual hardship standard? Now, under Fernandez, the court, if the board makes the finding that something is not new and previously unavailable, the court can review that because that involves a regulatory finding. The regulations require that. Once the board, however, makes a prima facie finding, that is where the court can't review the decision. So you're saying they have to show they looked, and once they show that they looked, we can't review, but if they say they're not looking, then we should remand so that they look? I think that sounds reasonable. Not wanting to hold any of us to any hypothetical that might come up down the road. Generally, yes, that what we're talking about here is the prima facie finding, and that's what the court likes jurisdiction to review. But here we don't even have an issue of whether or not this was new evidence. They submitted evidence that Jose had learning difficulties and was getting special ed. They chose not to pursue that.  And actually, the evidence shows that Jose stopped having special ed. at some point. And then there was a further evaluation of Jose that was really undeterminative as to whether or not he needed to continue. Counsel, may I ask you a question? Are you familiar with footnote 5 of Romero-Torres? I am, the one about disputed facts versus undisputed facts. Right. There was an argument made in this case that because the I.J. misinterpreted the facts regarding Jose, regarding Kara, that that's a factual dispute. What's your response to that, that she would recover in the same way that Jose did when that was not consistent with the record? What's your response to whether or not that's a factual dispute that we have jurisdiction to review? Your Honor, I would argue that that is actually not a factual dispute. It's not an erroneous factual finding. It's the immigration judge's interpretation of the record. If I may briefly quote from a Supreme Court decision, whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference. Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear. Now, that was not in a context of a cancellation of removal application, but I think it's an excellent point that what we don't have here is a complete absence of probative facts. The testimony of the expert was that Kara had some problems, but she was doing okay. She was doing okay in preschool. She was making some progress. And the immigration judge weighed those and came down on one side. And petitioners argue we think he should have come down on the other side, which this Court simply can't review. Thank you, counsel. Thank you. To follow up on Your Honor's previous question or last question, yes, this Court has jurisdiction to review factual determinations that underlie the discretionary determination for substantial error. But factual determinations? Yes, factual determinations. What case authority are you relying upon to support your argument that we can review factual determinations in the context of a cancellation of removal case? Your Honor, there's no case law that says either way that the Court can or cannot. The Ramirez-Perez footnote recognized that's an open issue. Clearly, all the other court the Court's case law has permitted the Court to review factual determinations for substantial evidence. But that was before we were deprived of jurisdiction specifically by Congress. Your Honor, you cannot you don't have jurisdiction to review the discretionary determination. But, for example, if there was a petitioner who brought forth a case who said my child has cancer and, therefore, they satisfy the exceptional and extremely unusual hardship standard, and the immigration judge said your child doesn't have cancer, you don't meet that standard, I would argue that this Court has jurisdiction to review. Was the underlying factual determination erroneous? Counsel, that sounds to me like the paragraph in Fernandez, but it seems like it hurts your case instead of helping it. In Fernandez, the author gives an example of what she means where the Board would have to take where we would reverse the Board's failure to reopen, and that's where there was a newly discovered life-threatening medical condition affecting a qualifying relative. And it wasn't there before. So if the BIA refused to reopen and make a hardship determination on the new basis, then we would remand. And it seems like in this case, you're at the opposite end of the continuum. A kid's in the 40th percentile in class, and you previously submitted evidence that he wasn't doing so well in school. It's not like somebody's dying. Your Honor, we did not submit evidence respectfully about his condition. 40th percentile was the best that he was doing. He's diagnosed with a learning disability. Congress has mandated that children... Out of 100% of the children, probably 40% are in the 40th percentile or lower. Your Honor, I would disagree. I don't believe that 40% of children in public education are diagnosed with learning disabilities, as Jose was in this case. And with respect to the factual findings on the merits, the immigration judge made substantial errors with respect to Kiara. He concluded that her disability was likely to dissipate. There was no evidence in the record whatsoever to support that conclusion. He concluded that her disability... I gave you a mathematical fact that out of 100%, 40% have to be in the 40th percentile or lower, and you gave me a speculation. Basically, it can't be so. I don't understand where it's coming from. Well, he's got... What I'm getting at is whether this is really at the far end from somebody dying. There were other findings other than just merely that he was in the 40th percentile. And he was overall diagnosed with having a specific learning disability with respect to language skills. And I don't agree, Your Honor. I'm certainly not an expert on learning disabilities, but I don't agree that 40% would... My kids were diagnosed with learning disabilities because they were too smart. You get federal money if you have a learning disability. And, Your Honor, there's a case where a gifted student was found to have compelling needs in school. We cited it and attached it in our addendum, and they were permitted to have cancellation of removal because they had a gifted child who would not receive similar services if the removal proceedings were not in their favor. I see that I've exceeded my time. It's exceeded. Thank you, counsel, for accepting this case pro bono. Counsel, do I understand correctly you were appointed pro bono? Do I understand you were appointed as a pro bono counsel under our pro bono program? Yes. You were? I am. I see. Okay. And you were the retained counsel? Correct. And you were under the pro bono program? That is, that you were doing this on your own, at your own expense, filed the briefs, and made argument? Yes. Okay. We thank you. Thank you.
judges: Wallace, Kleinfeld, Rawlinson